# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAVERN FARNSWORTH,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. DENNIS HARSTON, *et al.*,<br><br>    Defendants. | **MEMORANDUM DECISION and ORDER**<br><br>Case No. 2:10-cv-238 CW |

Now before the court is Plaintiff LaVern Farnsworth's motion to remand and for related fees and costs (Dkt. No. 9). For the reasons discussed below, her motion is GRANTED.

## BACKGROUND

Though Ms. Farnsworth has amended her complaint to add a defendant make some other additions while her remand motion was pending, the court will look at her complaint at the time of removal for purposes of this motion. According to Ms. Farnsworth's state court complaint, she was a federal employee who obtained her health insurance benefit from Defendant Altius Health Plans, Inc. In 2008, she was diagnosed with Guillain-Barre Syndrome ("GBS"), which called for IVIG therapy. After initially receiving that treatement and having it covered by Altius, Altius at some point refused coverage for the IVIG therapy on the basis that it was experimental. Defendant Dr. Dennis Marston, working for Altius, was allegedly responsible for the making the decision that the IVIG was experimental as a treatment for GBS. Eventually, the federal agency ultimately responsible for Ms. Farnsworth's benefits reversed Altius's declination to provide IVIG and Ms. Farnsworth received IVIG treatment.

Subsequent to Altius's refusal to cover the IVIG, Ms. Farnsworth alleges that her condition worsened and caused her permanent damage. She attributes the damage to the withholding of the IVIG treatment due to Altius decision that it was experiemental. She casts the decision that IVIG treatment is experimental for GBS as one that was medical in nature. Accordingly, when she brought an action against Altius and Dr. Marsten in state court, her complaint made only state law medical malpractice claims.

Altius and Dr. Harston (together, "Defendants") filed a notice of removal, asserting federal jurisdiction under 28 U.S.C. § 1331. In support, they argue that the causes of action in the complaint are completely preempted by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. In support, Defendants contend that Ms. Farnsworth's malpractice claims are denial of coverage claims in disguise, and are therefore completely preempted by FEHBA.

**ANALYSIS**

If a federal statute gives rise to complete preemption, a complaint implicating that statute may be removed even if it only alleges state law causes of action. *See Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1156-57 (10th Cir. 2004). If complete preemption does not apply, however, a complaint asserting only state law causes of action should be remanded to state court. *See id.* at 1518. This proposition holds true even if there is a possibility that the asserted state law claims are actually governed by federal law due to conflict preemption. *See id.* at 1518. Accordingly, the court should grant Ms. Farnsworth's motion to remand unless it finds that FEHBA completely preempts her state medical malpractice claims.

The court concludes that under the relevant precedent, FEHBA does not give rise to complete preemption here. In *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 US 677,

698 (2006), the Supreme Court ruled that FEHBA does not create complete preemption with respect to "*any and all* state laws that in some way bear on federal employee-benefit plans." Moreover, Ms. Farnsworth points to a string of federal cases that have interpreted *McVeigh* to mean that FEHBA does not give rise to complete preemption in a variety of contexts. For example, in *Pollitt v. Health Care Serv. Corp.*, 558 F.3d 615, 615-16 (7th Cir. 2009), the Seventh Circuit ruled that state law bad faith claims against a health insurer administering a federal plan were not completely preempted by FEHBA. In *Blue Cross Blue Shield of Ill. v. Cruz,* 495 F.3d 510, 513-14 (7th Cir. 2007), the court held that FEHBA did not give rise to complete preemption of a dispute over whether the state common fund doctrine applies to a health insurance policy governed by FEHBA. Under *McVeigh* and its progeny, the court concludes that even though Ms. Farnsworth's claims are arguably "denial of coverage" claims governed by FEHBA, they nonetheless are not completely preempted. This action therefore belongs in state court.

Defendants' arguments otherwise are not persuasive. In essence, they point to various cases decided before *McVeigh* which held that FEHBA gave rise to complete preemption of various state law causes of action, but do not explain why they believe that the reasoning of those cases would still apply after *McVeigh*. Though Defendants may have a persuasive argument that Ms. Farnsworth's claims are subject to conflict preemption and should be governed by FEHBA, that is an issue that the state court will have to decide.

On a final note, Ms. Farnsworth has requested attorney's fees and costs incurred in moving to remand under 28 U.S.C. § 1447(c). The court believes that these are appropriate in this case, given that Ms. Farnsworth's counsel alerted Defendants of *McVeigh* before they removed and Defendants still have not explained how their attempt to remove was supportable

3

after *McVeigh* . Accordingly, Ms. Farnsworth has ten days from the date of this order to submit evidence of her fees and costs. Any objection by Defendants to her submission shall be made within seven days after it is filed. The court will then make the award.

## CONCLUSION AND ORDER

For the reasons discussed above, Ms. Farnsworth's motion to remand and for fees and costs is GRANTED. This motion is REMANDED to the Utah state court from which it was removed. While this case will therefore be closed, the court will nonetheless retain jurisdiction over the limited issue of costs and fees, which will be fully resolved in the near future.

DATED this 27th day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge